NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CHERI FU and THOMAS FU, | No. 15-56800 |
| Debtors, | D.C. No. 8:15-cv-00676-CJC |
| _____ | Bkr. Ct. No. 8:09-bk-22699-TA |
| CHERI FU and THOMAS FU, | |
| Appellants, | MEMORANDUM[*] |
| v. | |
| CITY NATIONAL BANK, N.A., | |
| Appellee. | |

Appeal from the District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

| | |
|---|---|
| In re: CHERI FU and THOMAS FU, | No. 17-55530 |
| Debtors, | D.C. No. 8:16-cv-01152-CJC |
| _____ | Bkr. Ct. No. 8:09-bk-22699-TA |
| CHERI FU and THOMAS FU, | |
| Appellants, | |
| v. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CITY NATIONAL BANK, N.A.,

Appellee.

Appeal from the Bankruptcy Court
for the Central District of California
Theodor Albert, Bankruptcy Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

Before: CALLAHAN and BEA, circuit judges, and WHALEY,[**] district judge.

Cheri Fu and Thomas Fu[1] appeal two money judgments entered by the bankruptcy court after summary judgment and affirmed by the district court and a third money judgment entered by the bankruptcy court after summary judgment and appealed directly to this court.[2] We affirm with respect to the money judgments entered by the bankruptcy court on April 20, 2015 and affirmed by the district court. We reverse and remand for further proceedings with respect to the money judgment

---

[**] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

[1] Thomas Fu died during the pendency of this litigation. His estate is represented in this appeal.

[2] We have jurisdiction to hear the Fus' appeal from the district court's order under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291. We have jurisdiction to hear the Fus' direct appeal from the third money judgment entered by the bankruptcy court under 28 U.S.C. § 158(d)(2), because the order was certified for direct appeal and this court granted the Fus' petition for a direct appeal.

entered by the bankruptcy court on May 18, 2016 and appealed directly to this court (the "Third Money Judgment").[3]

1.     The Fus' claim that the bankruptcy court erred when it denied, in substantial part, the Fus' Rule 56(d) motion to postpone summary judgment in order to permit further discovery. We review a denial of a Rule 56(d) motion for an abuse of discretion. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001). Here, the bankruptcy court did not abuse its discretion when it denied in substantial part the Fus' Rule 56(d) motion because the Fus did not diligently pursue discovery. In fact, the Fus did not conduct any discovery in the 15 months between the time City National Bank ("CNB") filed its complaint and the time CNB filed its motion for summary judgment.[4] It is not an abuse of discretion to deny a Rule 56(d) motion

_____

[3]     The Fus' unopposed motion to take judicial notice (Dkt. No. 55) and City National Bank's unopposed motions to take judicial notice (Dkt. Nos. 28 and 60) are GRANTED.

[4]     The Fus argue that the bankruptcy court erred in denying their Rule 56(d) motion because CNB failed to serve the required Rule 26 notice with its complaint. But the Fus failed to raise this argument before the bankruptcy court or district court and, as a result, the argument is waived. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

Additionally, we reject the Fus' argument that the bankruptcy court should have granted their Rule 56(d) motion because CNB failed to serve the Fus properly with CNB's summary judgment motion. CNB served the Fus at the addresses listed on the bankruptcy court's docket. It was the Fus' responsibility to update their addresses if they were changed and, as a result, CNB is not responsible for the fact that the Fus did not receive the summary judgment motion papers until later. *See* Fed. R. Bankr. P. 4002(a)(5).

Finally, assuming *arguendo* that the requirements of *Rand v. Rowland*, 154 F.3d 952, 953 (9th Cir. 1998) applied in this case, the Fus' extensive response to

3

when the moving party failed to pursue discovery diligently earlier in the litigation. *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

2.	Next, the Fus argue that the bankruptcy court erred when it denied their Rule 15 motion to amend their *pro se* answers to change certain admissions to denials and assert 14 affirmative defenses.  We review the denial of a Rule 15 motion for an abuse of discretion.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), but "late amendments to assert new theories [at the time of summary judgment] are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."  *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).  Here, the bankruptcy court did not abuse its discretion when it denied the Fus' motion because of undue delay and potential prejudice to CNB. *Cf. Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) (holding that an amendment prejudices the other party when the amendment would require additional discovery because it "advance[s] different legal theories and require[s] proof of different facts"); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir.

CNB's summary judgment motion demonstrates that any failure to serve a *Rand* notice on the Fus was harmless.  *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1159 (9th Cir. 2013).

4

2006) (noting that we have considered delays of eight and 15 months to constitute "undue delay").

3. The Fus also contend that the bankruptcy court erred when it denied their Rule 14 motion to file a third-party complaint. We review a denial of a motion to file a third-party complaint for an abuse of discretion. *United States v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538*, 708 F.2d 444, 452 (9th Cir. 1983). A trial court does not abuse its discretion when it denies a Rule 14 motion that would have "complicated and lengthened the trial, and would have introduced the extraneous question of remedies in the third-party action." *Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). Here, the Fus' third-party complaint alleged bad faith on behalf of a number of financial institutions in relation to financing agreements to which CNB was not a party. The bankruptcy court did not abuse its discretion when it found that allowing the third-party complaint would have unnecessarily delayed and complicated the underlying litigation.

4. Finally, the Fus contend that the bankruptcy court erred when it granted CNB's summary judgment motion with respect to the Third Money Judgment. Summary judgment is proper when the moving party demonstrates that there is no genuine issue of material fact with respect to a cause of action and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the trial court must view the evidence in the light

5

most favorable to the nonmoving party. *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). "The court must not weigh the evidence or determine the truth of the matters asserted but must only determine whether there is a genuine issue for trial." *Id.* An issue is "genuine" when there is sufficient evidence such that "a reasonable jury could reach a verdict in favor of the nonmoving party." *Id.* We review a grant of summary judgment de novo and may affirm if the trial court's decision is supported by any ground in the record, regardless whether the trial court relied on that ground. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 853, 860 n.17 (9th Cir. 1995).

After reviewing the record in this case, we reverse the bankruptcy court's grant of summary judgment with respect to the Third Money Judgment. First, the bankruptcy court erred by striking Cheri Fu's declaration. The bankruptcy court disregarded the declaration because it allegedly contradicted Ms. Fu's prior sworn statements in her plea agreement in a related criminal case. But a finding that a statement in a declaration contradicts prior testimony is, without more, insufficient to invoke this court's rule concerning "sham affidavits." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009). Because the bankruptcy court failed to make a factual finding that Ms. Fu's affidavit was a "sham affidavit" within the meaning of this court's precedent, it was error to exclude the affidavit. *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) ("In order to trigger the sham affidavit

6

rule, the district court must make a factual determination that the contradiction is a sham . . . .").

Second, taking Ms. Fu's affidavit into account, the Fus presented the bankruptcy court with a genuine issue of material fact for trial. Specifically, Ms. Fu's declaration raised a genuine issue of fact as to when the Fus' fraud began. Ms. Fu's declaration stated that the fraud did not begin until October 2008, and that prior to October 2008, the Fus made no misrepresentations to CNB. The ABL financing agreement at issue in the Third Money Judgment was signed in May 2008. As a result, if the fraudulent statements did not occur until October 2008, months after the ABL agreement was consummated, a reasonable jury could find that CNB was not induced to enter into the ABL agreement by the Fus' fraudulent representations.[5]

---

[5] CNB argues that whether the fraud began in May 2008 or October 2008 is immaterial because the fraud allowed the Fus to obtain an "extension [or] renewal . . . of credit," thereby rendering the debt non-dischargeable. *See* 11 U.S.C. § 523(a)(2)(B). First, the bankruptcy court clearly rejected CNB's argument that the date the fraud began was immaterial because it continued the summary judgment hearing to receive additional evidence and argument as to the date the fraud began. Although we can affirm on any ground supported by the record, we decline to affirm based on this argument, which was underdeveloped both before the bankruptcy court and here on appeal.

To the extent CNB claims that the Fus' debt is non-dischargeable because the Fus fraudulently obtained an extension or renewal of credit, thereby causing CNB's forbearance with respect to its collection remedies, CNB was required to prove that it possessed valuable collection remedies that lost value as a result of the fraud. *See In re Siriani*, 967 F.2d 302, 306 (9th Cir. 1992), *as amended* (June 29, 1992). The only evidence to which CNB directed this court regarding the value of its collateral and/or collection remedies are the borrowing base certificates that were admittedly fraudulent as of October 2008. This would have been CNB's first opportunity to

7

In disregarding the possibility CNB was not induced to enter the May 2008 ABL financing agreement by fraudulent statements that were made in October 2008, the bankruptcy court drew impermissible inferences in favor of the <u>moving</u> party, CNB, rather than viewing the evidence in the light most favorable to the <u>non-moving</u> party, the Fus. For instance, the bankruptcy court stated that the March 2008 financial statements were likely fraudulent because they closely matched the October 2008 financial statements, which Ms. Fu admits were fraudulent. Of course, that is one possible inference a reasonable fact finder could draw from those facts, but it is not the only one. Viewing the evidence in the light most favorable to the Fus, as required at summary judgment, a reasonable fact finder could also conclude that the report from May 2008 was accurate, but that the Fus' business declined by October 2008, making a report of the same basic figures inaccurate. Similarly, the bankruptcy court erred by totally disregarding audit reports referenced by Ms. Fu's declaration because, in the bankruptcy court's view, all the reports proved was that the auditors were "fooled, incompetent and/or obviously relied far too much on the information supplied by the Fus." This factual finding exceeded the bankruptcy court's authority at summary judgment and resulted in the bankruptcy court's erroneous conclusion that there was no genuine issue of material fact for trial.

---

exercise its collection remedies. As a result, CNB has failed to show the amount of loss it suffered due to its forbearance after October 2008.

8

Because the bankruptcy court applied the wrong standard at summary judgment, we reverse the Third Money Judgment and remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**